******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

WAYNE J. JONES, SR. *v.* COMMISSIONER
OF CORRECTION
(AC 37685)

Lavine, Beach and Bishop, Js.

*Argued October 17—officially released November 22, 2016*

(Appeal from Superior Court, judicial district of
Tolland, Oliver, J.)

*Craig A. Sullivan*, assigned counsel, for the appellant (petitioner).

*Emily D. Trudeau*, assistant state's attorney, with
whom, on the brief, was *John C. Smriga*, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Wayne J. Jones, Sr., appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court improperly concluded that counsel who represented him on a prior petition for a writ of habeas provided ineffective assistance. We affirm the judgment of the habeas court.

The petitioner was convicted of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1), burglary in the first degree in violation of General Statutes (Rev. to 2005) § 53a-101 (a) (2) and kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (B) for crimes committed on August 24, 2005. *State* v. *Jones*, 115 Conn. App. 581, 583, 974 A.2d 72, cert. denied, 293 Conn. 916, 979 A.2d 492 (2009). The petitioner was sentenced to thirty-five years in prison, execution suspended after twenty-five years, and thirty-five years of probation. This court affirmed the petitioner's conviction. Id., 603. Thereafter, the petitioner filed a petition for a writ of habeas corpus, which was denied by the habeas court (*T. Santos, J.*). This court dismissed the petitioner's appeal from the denial of his first habeas corpus petition. *Jones* v. *Commissioner of Correction*, 134 Conn. App. 903, 38 A.3d 1253 (2012).

The petitioner subsequently filed the present petition for a writ of habeas corpus in which he alleged that his prior habeas counsel rendered ineffective assistance. The focus of the petitioner's claim of ineffective assistance is on the DNA evidence presented at his criminal trial. Following a trial held on October 16, 2014, the habeas court, *Oliver, J.*, denied the petition for a writ of habeas corpus. Judge Oliver subsequently granted the petition for certification to appeal.

Our examination of the record on appeal and the briefs and arguments of the parties persuades us that the judgment of the habeas court should be affirmed. The habeas court's decision fully addresses the arguments raised in the present appeal, and we adopt its concise and well reasoned decision as a proper statement of the relevant facts and the applicable law on the issues. *Jones* v. *Commissioner of Correction*, 169 Conn. App. 407,      A.3d      (2014) (appendix). It serves no useful purpose for us to repeat the discussion contained therein. *Furka* v. *Commissioner of Correction*, 21 Conn. App. 298, 299, 573 A.2d 358, cert. denied, 215 Conn. 810, 576 A.2d 539 (1990).

The judgment is affirmed.

---